UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: 19-50309-JAM | ) | Chapter 7 Proceeding |
| | ) | |
| Brian Robert Bulakowski aka Bullet Capital Group, LLC dba Massage Envy aka Bullet Capital Group II, LLC dba Massage Envy | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| PNC Bank, National Association | ) | |
| Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Brian Robert Bulakowski aka Bullet Capital Group, LLC dba Massage Envy aka Bullet Capital Group II, LLC dba Massage Envy and Richard M. Coan, Trustee | ) | |
| Respondent | ) | October 10, 2019 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## (REAL PROPERTY)

PNC Bank, National Association ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor(s) having an address of 7 Rajcula Farm Road, Brookfield, Connecticut 06804 (the "Property"). In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtor(s) on March 10, 2019.

2. The Debtor(s) has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $448,200.00 (the "Note"). A copy of the Note is attached to the Affidavit filed in support of this motion as Exhibit A. See Affidavit filed in

support of this motion which is integrated as if set forth in full. The Movant is in possession of the original note and is entitled to enforce said note and mortgage (defined below).

3. Pursuant to that certain Open-End Mortgage Deed (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor(s) and Lisa Bulakowski under and with respect to the Note and the Mortgage are secured by the Property. A copy of the Mortgage is attached to the Affidavit filed in support of this motion as Exhibit B. See Affidavit filed in support of this motion which is integrated as if set forth in full.

4. Said Mortgage was assigned to the Movant by virtue of an assignment of the mortgage, a copy of the assignment(s) is attached to the Affidavit filed in support of this motion as Exhibit C. See Affidavit filed in support of this motion which is integrated as if set forth in full.

5. Said Note and Mortgage are subject to a loan modification agreement dated May 7, 2019. See Exhibit D attached hereto.

6. As of September 10, 2019, the approximate outstanding amount of the Obligations less any partial payments or suspense balance is $411,039.51. See Affidavit filed in support of this motion.

7. As of September 10, 2019, the Debtor(s) have failed to make payments in an aggregate amount sufficient to satisfy in full the payment "contractually due"[1] under the Note on February 1, 2019 or any full payment contractually due under the Note thereafter. See Affidavit filed in support of this motion.

8. The estimated market value of the Property is $500,000.00. The basis for such valuation is the Debtor's Schedule A. See Exhibit E attached hereto.

Additionally, the liquidation value of the Property is $469,500.00, and in the context of a motion for relief from stay filed pursuant to 11 U.S.C. § 362, liquidation costs are a relevant consideration because if the creditor obtains the property the creditor only receives net value

---

[1] This terminology has the same meaning as provided in Official Bankruptcy Form 410A, Part 5, Column F.

equivalent to the liquidation value of the subject real property[2]. The fact that fair market value is the appropriate value to use in the context of a motion filed pursuant to 11 U.S.C. § 506(a) or 522(f) and hypothetical liquidation costs are not considered, is irrelevant. The reason why fair market value is the appropriate value to use in the context of section 506(a) and 522(f) motions is that **the debtor is retaining the property**[3] and its fair market value, as opposed to the property being liquidated which is what occurs when a creditor obtains the property and therefore, the liquidation costs are not hypothetical in nature as there is no dispute they will actually be incurred should a Creditor be forced to rely on the collateral for satisfaction of the debt. Liquidation costs consist of a real estate broker's commission of 5%, conveyance tax of at least 1%, and closing costs of not less than $500 which together reduce the amount the Creditor would receive if the property is sold by $30,500.00 Liquidation Costs, as interest, attorney's fees, and costs continue to accrue, and one hundred percent (100%) of full fair market value is not obtained in the context of a foreclosure sale of real property, and the Connecticut Superior Court will approve a sales price constituting as little as eighty percent (80%) of the fair market value of the Property there is no equity.

9.   Upon information and belief, the encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, listed in order of priority are: (i) Movant $411,039.51; and (ii) Radius Bank $658,760.00. See Affidavit filed in support of this motion.

---

[2] See, *In re Modern Warehouse Inc.*, 74 B.R. 173 (Bankr. W.D. Mo. 1987); *In Re: Toto*, 29 B.R. 947, 948 (Bankr E.D. PA, 1983). See also, Massachusetts Local Bankruptcy Rule 4001-1(b)(2)(D) which specifically requires the liquidation value of the subject property to be set forth in a motion for relief from stay.

[3] *Associates Commercial Corp. v. Rash*, 520 U.S. 953 (1997); *Wolmer v. Bristol Gastroenterology Assocs. PC (In re Wolmer)*, 494 B.R. 783, 785 (Bankr. D. Conn. 2013); "This Court adopts the majority position and holds that estimated liquidation costs such as broker commissions, title costs and recording costs should not be deducted from the fair market value of the property when calculating the extent of the impairment and of the lien avoidance under S 522(f)(1) and (2)the actual holding of which specifically states and is limited to a 522(f) Motion." This case has no bearing, impact, or relevance regarding a motion pursuant to 11 U.S.C. § 362.

10. The Schedules of the Debtor(s) do not list an exemption for the Property. See Exhibit F attached hereto.

11. Pursuant to 11 U.S.C. § 362(d)(1), cause exists for relief from the automatic stay for the following reasons:

    (a) Movant's interest in the Property is not adequately protected.

    (b) The note is "contractually due" for the January 1, 2019 payment.

12. Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

13. That based on the facts set forth in this motion the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing Movant and any successors or assigns to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property **or alternatively that a preliminary hearing be scheduled on the Motion as prescribed by Congress.**

2. The 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3. For such other relief as the Court deems proper.

          PNC Bank, National Association

By */s/ Sara M. Buchanan*
Sara M. Buchanan
The Movant's Attorney
Federal Bar No.ct30340
Bendett & McHugh, P.C.
270 Farmington Avenue, Suite 171
Farmington, CT 06032
Phone (860) 677-2868
Fax (860) 409-0626
Email: BKECF@bmpc-law.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re:19-50309-JAM | ) | **Chapter 7   Proceeding** |
| | ) | |
| Brian Robert Bulakowski aka Bullet Capital Group, LLC dba Massage Envy aka Bullet Capital Group II, LLC dba Massage Envy | ) | |
| Debtor | ) | |
| | ) | **Doc. I.D. No.** |
| PNC Bank, National Association | ) | |
| Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Brian Robert Bulakowski aka Bullet Capital Group, LLC dba Massage Envy aka Bullet Capital Group II, LLC dba Massage Envy and Richard M. Coan, Trustee | ) | |
| Respondent | ) | |

## ORDER GRANTING MOTION FOR RELIEF

After notice and a hearing, <u>see</u> Bankruptcy Code Section 102(1), on PNC Bank, National Association, (hereafter, the "Movant"), <u>Motion for Relief from the Automatic Stay</u>, (hereafter, the "Motion")  Doc. I.D. No. ____:

**IT IS HEREBY ORDERED** that the Motion is Granted—the automatic stay of 11 U.S.C. § 362(a) is modified to permit the Movant, its designated servicing agent, and/or its successors and assigns to commence, continue, and prosecute to judgment a foreclosure action and obtain possession in accordance with applicable state law and otherwise exercise its rights, if any, with respect to real property known as **7 Rajcula Farm Road, Brookfield, Connecticut 06804** in accordance with applicable state law; and

**IT IS FURTHER ORDERED** that the Movant, its designated servicing agent, and/or its successors and assigns may, at its option, offer, provide, and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement, including accepting a deed in lieu of foreclosure from the Debtor.  The Movant or its designated servicing agent may contact the Debtor via telephone or written correspondence to offer such an agreement.  In the event the Debtor receives a Chapter 7 discharge, any such agreement shall be non-recourse against the Debtor unless Movant's debt was included in a reaffirmation agreement; and

**IT IS FURTHER ORDERED** that the 14-day stay of Fed.R.Bankr.P. 4001 (a)(3) is not applicable and the Movant may immediately enforce and implement this order.

Dated: _____                      BY THE COURT

                                              _____
                                              Honorable Julie A. Manning
                                              U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE: Brian Robert Bulakowski aka
Bullet Capital Group, LLC dba
Massage Envy aka Bullet Capital
Group II, LLC dba Massage Envy
   DEBTOR(S)

CASE NUMBER: 19-50309-JAM

CHAPTER 7

## NOTICE OF CONTESTED MATTER RESPONSE DEADLINE

**PNC Bank, National Association**, (the "Movant") has filed a **Motion for Relief from Automatic Stay (Real Property)**, (the "Contested Matter"), in the above-captioned case. Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than October 24, 2019. In the absence of a timely filed response, the proposed order in the Contested Matter *may* enter without further notice and hearing, see, 11 U.S.C. § 102 (1).

Dated: October 10, **2019**              By:  **PNC Bank, National Association**

*Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE: Brian Robert Bulakowski aka
Bullet Capital Group, LLC dba
Massage Envy aka Bullet Capital
Group II, LLC dba Massage Envy
DEBTOR(S)

CASE NUMBER: 19-50309-JAM

CHAPTER 7

### CERTIFICATION OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002, and 7004, the undersigned certifies that on the 10th day of October, 2019, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system and by first class mail on the parties listed below:

**Documents Served:**

1. Motion for Relief from Automatic Stay (Real Property)

2. Proposed Order

3. Notice of Contested Matter

**Parties Served Via First Class Mail: (Complete Address Must Be Listed)**

Brian Robert Bulakowski
Debtor
7 Rajcula Farm Road
Brookfield, CT 06804

By /s/ Sara M. Buchanan
Sara M. Buchanan
The Movant's Attorney
Federal Bar No.ct30340
Bendett & McHugh, P.C.
270 Farmington Avenue, Suite 171
Farmington, CT 06032
Phone (860) 677-2868
Fax (860) 409-0626
Email: BKECF@bmpc-law.com